3:24-mj-230

DISTRICT OF OREGON, ss:                    AFFIDAVIT OF TEEGAN HAND

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Teegan Hand, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been employed since February, 2022. I am currently assigned to the DEA Seattle Field Division (SFD) Portland District Office (PDO). I have received specialized training from the DEA, to include a 17-week Basic Agent Training course. Prior to working for the DEA, I worked for approximately 4 years as a patrol officer between Wyoming and Colorado and approximately 4 years as a narcotics detective with the Northern Colorado Drug Task Force. As a narcotics detective and special agent, I have participated in numerous drug investigations including: wiretap investigations, undercover purchases of controlled substances, and controlled substance production and conspiracy investigations. I am familiar with drug trafficking organization (hereinafter, "DTO") investigations, including identifying methods of importation and distribution of controlled substances, and how controlled substances are manufactured, consumed, packaged, marketed, smuggled, and distributed. I am also familiar with various tactics used by DTOs to import drugs into the United States, communicate with members of the DTOs, and arrange for transportation and distribution of drugs.

2.      I submit this affidavit in support of a criminal complaint and arrest warrant for the following individuals:

- **Fausto ASPEITIA MOJICA** for the crimes of possession with intent to distribute controlled substances (including methamphetamine, Schedule II controlled substances) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (viii)

and 846 on October 17, 2024. As set forth below, there is probable cause to believe, and I do believe, that **ASPEITIA MOJICA** violated 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and (viii) and 846.

3.  This affidavit is intended only to show that there is sufficient probable cause for the requested arrest warrants and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Investigators have intercepted suspects in this case communicating with co-conspirators in English and Spanish. Any sample-intercepted communications herein, initially conducted in Spanish, were translated into English by monitors fluent in Spanish and hired by the DEA to perform this service. Any quoted speech or text herein is taken from these transcriptions.

## Applicable Law

4.  Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi) and (viii) and 846 makes it illegal to possess and conspire to distribute controlled substances (fentanyl, cocaine and methamphetamine) with intent to distribute them, and to conspire to do so. This offense is punishable by 10 years to life imprisonment, a fine of up to $10 million, and five years' supervised release.

## Confidential Sources

5.  Confidential Source-1 ("CS-1") referenced herein has worked with the DEA since 2015. CS-1 has prior criminal convictions for Resisting/Obstructing and Giving False

Identification to a Peace Officer in 1997, Importation of a Controlled Substance in 1999, Importation of Methamphetamine in 2000, and Possession/Purchase of Narcotics/Controlled Substances for Sale in 2006. CS-1 previously provided information to the DEA in exchange for reduced sentencing for criminal charges, and now provides information to the DEA in exchange for money. CS-1 has provided reliable information to the DEA that has been independently corroborated and has led to past drug seizures and drug-related arrests. CS-1 has provided reliable information that has been independently corroborated and has led to drug seizures and drug-related arrests, as such, investigators believe CS-1 is a credible and reliable source of information.

## Statement of Probable Cause

### Background of Investigation

6. In May of 2024, DEA Portland began directly buying distribution quantities of methamphetamine from Roberto PONCE PONCE and members of the PONCE PONCE DTO utilizing CS-1. PONCE PONCE was identified as a Mexico based dispatcher and source of supply for multiple controlled substances. PONCE PONCE receives orders from customers in the United States and dispatches couriers in the United States to deliver the drugs. DEA Portland has conducted multiple controlled purchases from PONCE PONCE and several of his couriers.

7. In August of 2024, DEA Portland identified 6130 Valley View Road NE, Silverton, Oregon as a suspected residence and stash house for a courier of the DTO. The courier was later identified as ASPEITIA MOJICA. Within the last two months, agents conducted three controlled purchases where CS-1 ordered methamphetamine from PONCE PONCE and ASPEITIA MOJICA delivered the drugs to CS-1. During all three purchases, ASPEITIA MOJICA obtained the drugs from his vehicle and then provided the drugs to CS-1. On October

16, 2024, the Honorable Judge Youlee You signed a search warrant for 6130 Valley View Road NE, Silverton, Oregon.

8. On October 16, 2024, investigators requested CS-1 order four pounds of methamphetamine from PONCE PONCE for the following day, October 17, 2024. PONCE PONCE agreed. From prior experience in this case, investigators are aware ASPEITIA MOJICA deals drugs during his work hours, where he works a roofer. Investigators also believed ASPEITIA MOJICA brought the drugs with him in his vehicles to his job sites from his residence.

9. On October 17, 2024, DEA Portland established surveillance on the residence prior to serving a search warrant. Investigators observed a Chevrolet Silverado parked in the car port of the detached garage. Immediately next to the Silverado was a white Ford sedan. At approximately 7:04 a.m., investigators observed a Chevrolet Silverado leave the residence. The vehicle appeared to be the same vehicle ASPEITIA MOJICA delivered drugs to CS-1 in October of 2024. Investigators followed the vehicle from the residence until Oregon State Police K-9 Trooper Scott Show conducted a traffic stop on the vehicle for a traffic violation. Trooper Show deployed his drug detection K-9 on the vehicle and there was not indication of drugs in the vehicle. Trooper Show and investigators continued to search the vehicle under motor vehicle exception believing there was drugs inside, specifically the 4 pounds ordered by CS-1. Investigators located approximately 3,252.2 gross grams (approximately 7 pounds) of suspected methamphetamine that appeared to be packaged in one-pound bags. One package contained 4 bags of methamphetamine. Investigators believe the package with 4 bags of methamphetamine was destined for CS-1, since that was the quantity ordered by CS-1.

10. Following the traffic stop investigators executed the search warrant at the residence on Valley View Road NE. Investigators did not locate any drugs in the residence, but located drugs inside a white Ford sedan on the property. ASPEITIA MOJICA's spouse was unable to unlock the Ford sedan near the car port and stated that ASPEITIA MOJICA usually has the keys and accesses the vehicle. Investigators broke a window of the vehicle to access the trunk and complete the search. In the trunk of the vehicle investigators observed a large duffle bag and a large, black, plastic tote. In each container there were multiple bags of suspected methamphetamine. Each bag was consistent with a pre-weighed bag of approximately one pound. Investigators removed approximately 58,588.9 gross grams (approximately 128 pounds) of suspected methamphetamine. See photos below.




11. Trooper Show's K-9 was deployed again to see if the K-9 would alert to the total seizure of methamphetamine. The K-9 did not indicate the presence of drugs, despite there being more than 130 pounds of methamphetamine. Trooper Show believed the K-9 was at fault.

12. From my training and experience I am aware drug distributors will often store their drugs in areas less likely to be discovered by family members or others who are unaware of

**Affidavit of Teegan Hand**                                                                                           **Page 5**

their drug distribution activities. Based on the lack of drugs in the house, I believe ASPEITIA MOJICA was utilizing the vehicle as a secure storage location for the methamphetamine.

13. I believe ASPEITIA MOJICA was distributing methamphetamine and possessed the over 130 pounds of methamphetamine with the intent to distribute.

## Conclusion

14. Based on the foregoing, I have probable cause to believe, and I do believe, that **ASPEITIA MOJICA** committed the crime of possession with intent to distribute and conspiracy to possess with intent to distribute and distribute controlled substances, including methamphetamine – in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and (viii) on October 17, 2024.

15. I therefore request that the Court issue a criminal complaint and arrest warrants for **ASPEITIA MOJICA**.

16. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Lewis Burkhart and AUSA Burkhart advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

## Request for Sealing

17. It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because the individual to be arrested is relevant to an ongoing investigation, and any disclosure of the individual's arrest at this time may endanger the life or physical safety of an individual, cause flight from prosecution, cause

destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

/s/ Teegan Hand By Phone
Teegan Hand
Special Agent
Drug Enforcement Administration

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 10:16 am a.m./p.m. on October 18, 2024.

_____
HONORABLE YOULEE YIM YOU
United States Magistrate Judge